S. JEANNETTE SIMMS, Appellant, v. WILLIAM L. GILMORE AND ROBERT MAXWELL, Respond-ents.

Kansas City Court of Appeals, October 3, 1910.

1. **CONTRACTS: School Teachers.** It is presumed that every-thing that occurs before the execution of a written contract is merged in that instrument, and the rights of the parties are determined by its provisions.

2. ——: ——. A school teacher entered into a written con-tract with the board of directors of a school district, to teach in the public school. The board had previously adopted a mo-tion appointing said teacher to a high school position and she was assigned to the high school, but was, later in the term, transferred to the primary school against her wishes. *Held,* that since the written contract gave her no right to a position in the high school, she had no just cause for complaint.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*R. J. Smith* for appellant.

(1) Plaintiff was legally employed by the school board at a regular meeting by proper resolution in pursuance of which she executed the usual written contract with the school board. She held the necessary teacher's certificate. R. S. 1899, sec. 9766. The record of the board meeting shows specifically that plaintiff was employed to teach in the high school. This controls over the stereotyped provisions of the general written contract subsequently executed by plaintiff and the school board. Wilson v. Board of Education, 63 Mo. 140; School District v. Edmonson, 50 Mo. App. 58; Pugh v. School District, 114 Mo. App. 690. (2) Minutes of board meeting, if not the real contract, are a necessary constitutent part of such contract and must be read with and into the written contract in explanation thereof. Ramlose v. Dolman, 100 Mo. App. 347. (3) The attempted change of work from high school to primary was a violation of plaintiff's contract of employment. Kennedy v. Board of Education, 82 Cal. 483, 22 Pac. 1042; Fairchild v. Board of Education, 107 Cal. 92, 40 Pac. 26; Hull v. Ind. Dist. of Apington, 82 Iowa 686, 46 N. W. 82; In re Gleese, 50 N. Y. Sup. Ct. 473, 18 How Pr. 372.

*Gilmore & Brown* for respondents.

(1) The resolution referred to in the petition formed no part of the contract between the plaintiff and the school district. Pearson v. Carson, 69 Mo. 550; Tracy v. Iron Works, 104 Mo. 193; State ex rel. v. Hoshaw, 98 Mo. 358; Morgan v. Porter, 103 Mo. 135; Evans v. Mfg. Co., 118 Mo. 548; Boyd v. Paul, 125 Mo. 9; Squier v. Evans, 127 Mo. 514; State v. Cunningham, 154 Mo. 172; Lindeman v. Dennis, 65 Mo. App. 511; Bank v. Terry, 67 Mo. App. 17. (2) The damages charged are in no event attributable to the acts of the defendants, but to those of other parties. Vickers v. Wilcox,

8 East 1. (3) The petition should set out the language of the resolution in question. Branaman v. Hinkle, 137 Ind. 496. (4) The petition does not state a cause of action for the reason that there is no allegation of special damages. Townsend on Libel and Slander (4 Ed.), secs. 146, 147, 148; Minter v. Bradstreet Co., 174 Mo. 444; State ex rel. v. Blackman, 51 Mo. 319; O'Leay v. Rowan, 31 Mo. 117; Pollard v. Lyon, 91 U. S. 225; Walker v. Tribune Co., 29 Fed. R. 827; Kendall v. Stone, 5 N. Y. 114; Wilson v. Dubois, 35 Minn. 471; Ukman v. Daily Record Co., 189 Mo. 378; Spurlock v. Inv. Co., 59 Mo. App. 225.

JOHNSON, J.—Plaintiff, a school teacher, sued to recover actual and punitive damages from the members of the board of directors of the Mt. Washington school district in Jackson county on account of the act of the board in transferring plaintiff from the position of a teacher in the high school to that of a teacher in the primary school. A demurrer to the petition was sustained on the ground that it fails to plead a cause of action and plaintiff, refusing to plead further, brought the case here by appeal from the judgment entered for defendants on the pleadings.

The only allegations of the petition to which we find it necessary to refer are the following: In July, 1907, the board, at a regular meeting, adopted a motion appointing plaintiff "to the high school position." In the next month, plaintiff and the board entered into the following written contract:

"This agreement, made on the 29th day of August, 1907, between Jeannette Simms, a legally qualified public school teacher, of the first part and the School Board of District No. 2, Township No. 50, Range No. 32, County of Jackson and State of Missouri, of the second part, witnesseth: That the said Jeanette Sims agrees to teach the public school of said district for a term of 9 months, commencing on the 9th day of September,

1907, for the sum of $55 per month, to be paid monthly, and that for services properly rendered and reports correctly made, according to law, said Board agrees to issue a warrant upon the County Treasurer in favor of said Jeannette Simms for the amount of wages due under this agreement.

"This contract is subscribed to with a full understanding of sections 9763, 9764, 9766, 9767, 9788, 9789, 9790, 9796, 9797, 9801 and 9956 of the School Law of Missouri.

Done by order of the Board, this 29th day of Aug., 1907.

"THOMAS KNIGHT, President.

"S. JEANNETTE SIMMS, Teacher."

"Attest: A. B. Anderson, District Clerk."

Plaintiff was assigned to a position in the high school, but later and during the term was transferred to the primary school against her wishes.

Plaintiff has no cause of action. The written contract is clear, unambiguous, and on its face purports to include the entire agreement of the parties. Everything that occurred between the parties before the execution of the written contract was merged in that instrument and to it alone we must look for the terms of the contract finally agreed on. No rule is better settled than that which says that when parties have put their contract in writing it is conclusively presumed, in the absence of fraud or mistake, that the entire agreement was embodied in the instrument. Plaintiff is attempting to alter or vary the terms of her written contract which gave her no right to a position in the high school and this she cannot be permitted to do. The learned trial judge committed no error in sustaining the demurrer.

The judgment is affirmed. All concur.